`                     IN THE UNITED STATES DISTRICT COURT
                          FOR THE EASTERN DISTRICT OF TEXAS
                                   SHERMAN DIVISION


STACEY LAVERAL WILLIAMS, #16470-078 §
                                   §
                                   §
VS.                                §         CIVIL ACTION NO. 4:12cv131
                                   §         CRIMINAL ACTION NO. 4:09cr87(1)
                                   §
UNITED STATES OF AMERICA           §

## MEMORANDUM OPINION AND ORDER

In a motion for reconsideration (dkt #22), Stacey Laveral Williams asks this court to reconsider its Final Judgment denying his Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. If a motion for relief from judgment is filed within twenty-eight (28) days of final judgment, Movant's motion should be filed as a motion under Rule 59. Fed. R. Civ. P. 59(e). If the motion is served after that time, it falls under Rule 60(b). Fed. R. Civ. P. 60(b). This motion is properly filed under Rule 59(e) as it was filed within twenty-eight days of final judgment.

Rule 59(e) is properly invoked to "to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). The rule does not exist to be a vehicle for re-litigating old issues, presenting the case under new theories, obtaining a rehearing on the merits, or taking a "second bite at the apple." *Sequa Corp v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). However, it allows a party to "question the correctness of a judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). The rule for reconsideration of a final judgment allows a court to alter or amend a judgment

1

because of (1) an intervening change in controlling law, (2) the availability of new evidence not available previously, (3) the need to correct a clear error of law or fact, or (4) to prevent a manifest injustice. *Schiller v. Physicians Resource Group, Inc.,* 342 F.3d 563, 567 (5th Cir. 2003).

Movant's case was dismissed because he failed to show the denial of a constitutional right. In the instant motion, Movant fails to present new evidence that was unavailable earlier or new controlling case law. He also does not present a clear error of law or fact. Thus, it appears that Movant's motion for reconsideration is premised on the argument that reconsideration is necessary to prevent a manifest injustice.

Movant complains about the denial of his second motion to amend. The court notes that Movant's first motion to amend was granted. Movant did not file his second motion to amend until after the Report and Recommendation was issued.

Federal Rule of Civil Procedure 15 applies to amendments of § 2255 motions. *See United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002) (Every circuit that has addressed this issue agrees that the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) does not render Rule 15 inapplicable to federal habeas proceedings.). Under Fed. R. Civ. P. 15( c), a district court may, in its discretion, permit an amendment that clarifies or amplifies a claim or theory in a timely filed habeas action after the one-year statute of limitation of AEDPA has expired. *United States v. Thomas*, 221 F.3d 430, 433-34 (3rd Cir. 2000). Conversely, an amendment under Rule 15(c) should not be allowed where the movant seeks to add an entirely new claim or new theory of relief. *Id.* If a claim relates back to an original claim and the facts alleged implicate the original claim, an amendment

2

may serve to fill in facts missing from the original claim. *See United States v. Duffus*, 174 F.3d 333, 337 (3rd Cir. 1999). Movant has not shown that his amendment was not time-barred, nor has he shown that the court abused its discretion in this matter.

Furthermore, Movant complains about the denial of his § 2255 motion, generally. He blames his lack of legal skills as the reason he did not effectively raise his claims. This reasoning is not sufficient. In sum, Movant fails to meet his burden of showing that denying his motion for reconsideration will result in a manifest injustice.

The court also notes that Movant filed a notice of appeal, which is construed as a motion for certificate of appealability. A petitioner must obtain a certificate of appealability before he can appeal a district court's decision. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court of the United States fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 l. Ed.2d 542 (2000). In cases where a district court rejects a petitioner's constitutional claims on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the movant's underlying constitutional claim, a COA should issue when the movant shows, at least, that "jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* The Supreme Court has held that a certificate of

appealability is a "jurisdictional prerequisite" and a court of appeals lacks jurisdiction to rule on the merits until a certificate of appealability has been issued. *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003).

Movant's § 2255 motion was dismissed because the issues he raised were without merit. He has not shown that the decision dismissing his §2255 motion was wrong. He has not shown that jurists of reason would find the assessment of his claims debatable. In conclusion, he simply has not made a substantial showing of the denial of a constitutional right and is not entitled to a certificate of appealability.

Petitioner also filed a motion to proceed *in forma pauperis* on appeal (dkt #25). Because he has not shown that he is entitled to a certificate of appealability, he also has not shown that he is entitled to proceed *in forma pauperis* on appeal. *United States v. Delario*, 120 F.3d 580, 582-83 (5th Cir. 1997). Furthermore, a review of the inmate statement showing financial Movant's transactions shows that he deposits an average of $243.00 per month. For this reason, he is likewise not entitled to *in forma pauperis* status. It is accordingly

**ORDERED** that Movant's Motion for Reconsideration (dkt #22) filed pursuant to Rule 59(e) is **DENIED**. It is also

**ORDERED** that Movant's Motion for Status of his Rule 59(e) (dkt #23) is **GRANTED** by means of the instant order. Finally, it is

**ORDERED** that the construed motion for certificate of appealability is **DENIED** and the motion to proceed *in forma pauperis* on appeal (dkt #25) is **DENIED**. All motions by either

party not previously ruled upon are **DENIED**.

**SIGNED this the 28th day of September, 2015.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE