IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

STACEY LAVERAL WILLIAMS, #16470-078 §
§
§
VS. § CIVIL ACTION NO. 4:12cv131
§ CRIMINAL ACTION NO. 4:09cr87(1)
§
UNITED STATES OF AMERICA §

**MEMORANDUM OPINION AND ORDER**

In a second motion for reconsideration (dkt #28), Stacey Laveral Williams asks this court to reconsider its Final Judgment denying his Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. If a motion for relief from judgment is filed within twenty-eight (28) days of final judgment, Movant's motion should be filed as a motion under Rule 59. Fed. R. Civ. P. 59(e). If the motion is served after that time, it falls under Rule 60(b). Fed. R. Civ. P. 60(b). This motion is properly filed under Rule 60(b) as it was filed more than twenty-eight days after final judgment.

Rule 60 is properly invoked to "to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). The rule does not exist to be a vehicle for re-litigating old issues, presenting the case under new theories, obtaining a rehearing on the merits, or taking a "second bite at the apple." *Sequa Corp v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). However, it allows a party to "question the correctness of a judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). The rule for reconsideration of a final judgment allows a court to alter or amend a judgment

because of (1) an intervening change in controlling law, (2) the availability of new evidence not available previously, (3) the need to correct a clear error of law or fact, or (4) to prevent a manifest injustice. *Schiller v. Physicians Resource Group, Inc.,* 342 F.3d 563, 567 (5th Cir. 2003).

Movant's case was dismissed because he failed to show the denial of a constitutional right[1]. In the instant motion, Movant fails to present new evidence that was unavailable earlier or new controlling case law. He also does not present a clear error of law or fact. Thus, it appears that Movant's motion for reconsideration is premised on the argument that reconsideration is necessary to prevent a manifest injustice.

Movant again complains about the denial of his second motion to amend. The court notes that Movant's first motion to amend was granted, and Movant did not file his second motion to amend until after the Report and Recommendation was issued. Federal Rule of Civil Procedure 15 applies to amendments of § 2255 motions. *See United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002) (Every circuit that has addressed this issue agrees that the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) does not render Rule 15 inapplicable to federal habeas proceedings.). Under Fed. R. Civ. P. 15( c), a district court may, in its discretion, permit an amendment that clarifies or amplifies a claim or theory in a timely filed habeas action after the one-year statute of limitation of AEDPA has expired. *United States v. Thomas*, 221 F.3d 430, 433-34 (3rd Cir. 2000). Conversely, an amendment under Rule 15( c) should not be allowed where the movant seeks to add an entirely

---

[1] Movant appealed the denial of his § 2255 motion. On April 25, 2016, the United States Court of Appeals for the Fifth Circuit denied Movant's motion for certificate of appealability.

new claim or new theory of relief. *Id.* If a claim relates back to an original claim and the facts alleged implicate the original claim, an amendment may serve to fill in facts missing from the original claim. *See United States v. Duffus*, 174 F.3d 333, 337 (3rd Cir. 1999).

In this case, Movant has not shown that his amendment was not time-barred, nor has he shown that the court abused its discretion in this matter. Movant fails to meet his burden of showing that denying his second motion for reconsideration will result in a manifest injustice. The court also notes that a motion under Rule 60(b) must be made within a reasonable time - and for reasons concerning mistake, newly discovered evidence, or fraud, no more than one year after the entry of the judgment. Fed. R. Civ. P. 60( c). Movant filed the instant motion approximately 15 months after Final Judgment. Furthermore, the Fifth Circuit Court of Appeals denied Movant's motion for certificate of appealability on this matter on April 25, 2016. For these additional reasons, the motion should be denied. Accordingly, it is

**ORDERED** that Movant's Motion for Reconsideration (dkt #28) filed pursuant to Rule 60 is **DENIED**. All motions by either party not previously ruled upon are **DENIED**. Movant should file any future motions with the Fifth Circuit Court of Appeals.

**SIGNED this the 29th day of June, 2016.**

*/s/ Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

3