IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STACEY LAVERAL WILLIAMS, #16470-078 | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:12cv131 |
| | § | CRIMINAL ACTION NO. 4:09cr87(1) |
| | § | |
| UNITED STATES OF AMERICA | § | |

**MEMORANDUM OPINION AND ORDER**

The court notes that Movant filed a notice of appeal, which is construed as a motion for certificate of appealability. A petitioner must obtain a certificate of appealability before he can appeal a district court's decision. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

The Supreme Court of the United States fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 l. Ed.2d 542 (2000). In cases where a district court rejects a petitioner's constitutional claims on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the movant's underlying constitutional claim, a COA should issue when the movant shows, at least, that "jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling." *Id.* The Supreme Court has held that a certificate of appealability is a "jurisdictional prerequisite" and a court of appeals lacks jurisdiction to rule on the merits until a certificate of appealability has been issued. *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003).

It appears that Movant is appealing the denial of his second motion for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Movant's motion for relief from judgment was denied because he failed to show that denying his motion would result in a manifest injustice. He simply has not made a substantial showing of the denial of a constitutional right and is not entitled to a certificate of appealability.

Petitioner also filed a motion to proceed *in forma pauperis* on appeal (dkt #31). Because he has not shown that he is entitled to a certificate of appealability, he also has not shown that he is entitled to proceed *in forma pauperis* on appeal. *United States v. Delario*, 120 F.3d 580, 582-83 (5th Cir. 1997). Furthermore, a review of the inmate statement shows that Movant has average deposits of $298.00 each month. For this reason, he is likewise not entitled to *in forma pauperis* status. It is accordingly

**ORDERED** that the construed motion for certificate of appealability is **DENIED** and the motion to proceed *in forma pauperis* on appeal (dkt #31) is **DENIED**. All motions by either party not previously ruled upon are **DENIED**.

**SIGNED this the 26th day of July, 2016.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE